IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY L. STANTON,
    Petitioner,

vs.                                            Case No.:  3:04cv18/MCR/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

**ORDER, REPORT AND RECOMMENDATION**

       This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent has filed a motion to dismiss, alleging that Petitioner failed to exhaust state remedies (Doc. 14).

       This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed with prejudice for Petitioner's failure to exhaust his state court remedies.

I.     BACKGROUND AND PROCEDURAL HISTORY

       On April 1, 2003, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of one count of possession of cocaine with intent to sell or deliver and one count of

---

[1]James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

possession of marijuana with intent to sell or deliver and was sentenced to eighteen concurrent months on each count (*see* Doc. 15-2, Exs. A, B).  Petitioner filed no direct appeal from the judgment and sentence.

On July 25, 2003, Petitioner filed a pro se petition for a writ of habeas corpus with the Florida Supreme Court (Doc. 40-2, Ex. A).  He stated in the caption of his petition, "[c]omes now <u>Jeffery L. Stanton</u> and says the arrest of October 26, 2002 is a violation U.S. Constitution Amendment IV." (*id.*)  The remainder of the petition states as follows:

> On Oct 26, 2002 officer Jermey Jarvis stop my car for an outstanding warrant. The outstanding did not matches my birthday nor did my social security but the officer cross out the 8 month 24 day 69 year and put the 9 months 24 day 69 year and put my social security number on top of the other one and arrest my for that for aggravated assault charge. Office David Poole went to the trunk of his car pull out a case with drug in it and planted in my car and I got charge with that to. And the witness seen him do this to me. The warrant was suspose to occur in 1993. I got stop by a state tropper in 2000. He ran my liscense plate in there was no warrant or nothing. He let me go without search me and everything. I didn't have a aggavated assualt charge on me. The wrong person I been writing Jeb Bush for the longest to look into my case I sent him some of the report on my case because I was getting railroad by the prosecution and circuit Judge Frank Bell.
>
> I hope yall can do something about this before I go to court Sept 16, 2003.

[grammatical and spelling errors in original] (*id.*).

On September 29, 2003, Petitioner filed a pro se petition for a writ of habeas corpus with the Florida Supreme Court stating that his arrest was a violation of Amendment IV of the United States Constitution (Doc. 40-2, Ex. B).  The petition in its entirety states as follows: "Illegal Search & Seizure.  Petitioner seeks his release imeadiatly [sic] from the Escambia County jail" (*id.*). Petitioner filed another pro se petition for a writ of habeas corpus with the Florida Supreme Court on October 10, 2003, again alleging that his arrest was illegal (Doc. 40-2, Ex. C).  On October 30, 2003, Petitioner filed a letter with the Florida Supreme Court once again contending that his arrest was illegal (Doc. 40-2, Ex. D).  These pleadings were forwarded to the trial court to be considered along with the July 2003 petition which was transferred to the trial court in October (*see* Florida Supreme Court Case Docket, SC03-1666; Doc. 15-2, Ex. E; Doc. 40-2, Ex. D).

After considering the above pleadings as a motion for postconviction relief, the trial court

dismissed the motion because Petitioner was still represented by counsel and, therefore, the filing was a nullity (Doc. 15-2, Ex. G). The court also found that had it entertained the motion, Petitioner would not have been entitled to relief because the motion was facially insufficient in that it did not conform to the requirements of Fla. R. Crim. P. 3.850(c); the claims were insufficiently pled, lacking facts or allegations of prejudice; and that the cause was not ripe as Petitioner's judgment was not yet final because he had a failure to appear charge pending (*id.*). When considering the above pleadings as a petition for a writ of habeas corpus, the trial court again dismissed the petition because Petitioner was still represented by counsel and held that the filing was a nullity and without legal effect (Doc. 15-2, Ex. F).

On September 17, 2003, Petitioner filed with the trial court a pro se motion to vacate his sentence pursuant to Fla. R. Crim. P. 3.850 alleging that his plea was involuntary and that he received ineffective assistance of counsel as follows:

 a. Defendant's right to trial by jury was involuntarily waived, as his counsel misrepresented the contents of his plea agreement to him, informing him that he would receive probation, not a prison term.

 b. Defendant's right to trial by jury was involuntarily waived, as he did not sign the plea agreement; his counsel signed his name to the document without his consent.

 c. Defendant was further represented ineffectively, as the warrant on which his arrest was based was either erroneous or was directed to another person. This presumptively established grounds to move for suppression of evidence produced by any search consequent to illegal arrest, but Defendant's counsel either failed or refused to file a motion to suppress such evidence.

 d. Defendant was further represented ineffectively, as he provided his counsel with an eyewitness to his arrest and search, and his counsel refused to subpoena that witness for the trial Defendant requested.

 e. Defendant was further represented ineffectively, as his counsel misinformed him that he could turn himself in at the jail to begin his sentence, when the court had instructed that he was to turn himself in at court. This incorrect advice resulted in the Defendant's being charged additionally with felony failure to appear.

(Doc. 15-2 , Ex. C). The trial court dismissed this motion because Petitioner was still represented

by counsel, and the motion was therefore a nullity and without legal force or effect. (Doc. 15-2, Ex. D).

On December 29, 2003, Petitioner filed with the trial court another pro se motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 and raised the following claims:

1. He received ineffective assistance of counsel because his counsel signed his plea agreement without his consent.

2. His plea was involuntary.

3. The warrant for his arrest was either erroneous or directed to someone else; thus, his arrest was illegal and his counsel failed to file a motion to suppress the evidence.

4. His counsel advised him that he would receive probation, not a prison term.

5. He received ineffective assistance of counsel when his counsel advised him that he could turn himself in at the jail, when in fact he had been ordered to turn himself in to the court which led to an additional failure to appear charge.

(Doc. 15-2, Ex. H at 1-3).[2] The court dismissed the motion with prejudice as being facially insufficient and because the claims were insufficiently pled, lacking facts or allegations of prejudice (Doc. 15-2, Ex. H at 4-5). The court also barred Petitioner from filing additional pro se pleadings unless they were reviewed and signed by a licensed attorney (*id.* at 5). On January 21, 2004, the court issued an amended order staying its previous order prohibiting Petitioner from filing any additional pleadings and issued an order for Petitioner to show cause why he should not be barred from filing additional pro se pleadings unless reviewed by a licensed attorney within thirty days from the date of the order (Doc. 15-2, Ex. H at 6-7). Petitioner appealed the amended order dismissing his motion to the Florida First District Court of Appeal ("First DCA") (Doc. 15-2, Ex. H at 8-9). The First DCA directed Petitioner to serve a copy of his motion on the Attorney General pursuant to Florida Rule of Appellate Procedure 9.420 and to file a certificate of service within ten days of the date of the order (Doc. 15-2, Ex. I). On March 25, 2004, the district court dismissed the

---

[2] Exhibit H consists of four separate documents. When citing a page number in this report and recommendation, the court is referring to the number at the bottom center of the page.

appeal pursuant to Florida Rule of Appellate Procedure 9.410[3] because Petitioner failed to comply with its previous order (Doc. 15-2, Ex. J). Petitioner did not appeal the dismissal of this action.

## II.   PETITIONER'S CLAIMS

Petitioner raises four grounds for relief in the instant habeas petition:

### A.   Ground One: Ineffective Assistance of Counsel:

"The warrant what I got pull over for aggavated assualted is a bogus warrant because the police officer wrote on the warrant and also changes stuff on the warrant to with an ink pen. The state drop this charge and kept the drug charges an convict me."

[grammatical and spelling errors in original] (Doc. 1 at 4).

Petitioner alleges that the warrant on which the police officer stopped him was directed to someone else, and that the police officer made changes to the warrant to fit Petitioner's identity (*id.*). Petitioner does not allege facts that demonstrate how his counsel was ineffective. Petitioner raised similar claims with regard to his alleged illegal arrest in the following state court petitions: the July 25, 2003, pro se petition for a writ of habeas corpus (Doc. 40-2, Ex. A); the September 17, 2003, pro se motion to vacate (Doc. 15-2, Ex. C); the September 29, 2003, pro se petition for a writ of habeas corpus (Doc. 40-2, Ex. B); the October 10, 2003, pro se petition for a writ of habeas corpus (Doc. 40-2, Ex. C); and the December 29, 2003, pro se motion for postconviction relief (Doc. 15-2, Ex. H at 1-3). In all of these pleadings Petitioner alleges that the arresting officer tampered with the outstanding arrest warrant, therefore, he was arrested illegally. He also alleges in two of these motions (the September 17, 2003, motion to vacate and the December 29, 2003, motion for postconviction relief) that he was represented ineffectively because his attorney failed to move to suppress the evidence produced by the search which was allegedly consequent to his illegal arrest.

The trial court dismissed all of Petitioner's above-cited pleadings without addressing their merits. (*See* Doc. 15-2, Exs. D, F, G, H at 4-5 ("Order Dismissing Defendant's Motion for Postconviction Relief with Prejudice"), H at 6-7 ("Amended Order Dismissing Defendant's Motion for Postconviction Relief and Order to Show Cause"). Petitioner appealed the amended order

---

[3] Florida Rule of Appellate Procedure 9.410 states as follows: "Sanctions. After 10 days' notice, on its own motion, the court may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith. Such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions."

dismissing his motion to the First DCA (Doc. 15-2, Ex. H at 8-9).  However, his appeal was dismissed as discussed *supra*.

   B.  <u>Ground Two: Petitioner's plea was involuntary</u>:

> "Police officer changes month of date of birth to mines and also put my social security number on top of someone else when he discover drugs after he got my driver license.  The state drop the bogus warrant kept the drug charges."

[grammatical and spelling errors in original] (Doc. 1 at 4).

While the facts supporting this claim are substantially similar to Petitioner's first claim, Petitioner raised a claim that his plea was involuntary in his December 29, 2003, pro se motion for postconviction relief (Doc. 15-2, Ex. H at 1-3).  The trial court dismissed this motion without addressing its merits (*See* Doc.15-2, Exs. H at 4-5, 6-7).  Petitioner appealed the amended order dismissing his motion to the First DCA (Doc. 15-2, Ex. H at 8-9).  However, his appeal was dismissed as discussed *supra*.

   C.  <u>Ground Three: Petitioners' counsel signed his plea agreement without his consent.</u>

> "My counsel was Katheryn Lee Snowden and the state plotted against me when I had paid her $3,000 dollar and she ran with my money."

[grammatical and spelling errors in original] (Doc. 1 at 5).

Petitioner raised a claim that his counsel signed his plea agreement without his consent in his September 17, 2003, pro se motion to vacate (Doc. 15-2, Ex. C) and in his December 29, 2003, pro se motion for postconviction relief (Doc. 15-2, Ex. H at 1-3).  The trial court dismissed both of these motions without addressing their merits.  (*See* Doc.15-2, Exs. D, H at 4-5, H at 6-7). Petitioner appealed the amended order dismissing his motion to the First DCA (Doc. 15-2, Ex. H at 8-9). However, his appeal was dismissed as discussed *supra*.

   D.  <u>Ground Four: Ineffective Assistance of Counsel</u>

> "The warrant was for my arrest was either erroneus or it was direct to someone else therefor that lead to subsequent to illegal arrest.  Therefor my counsel refuse to file for motion to supress the evidence.  The warrant was tamper with by the police officer."

[grammatical and spelling errors in original] (Doc. 1 at 5).

Petitioner raised this claim in his September 17, 2003, pro se motion to vacate (Doc. 15-2, Ex. C) and in his December 29, 2003, pro se motion for postconviction relief (Doc. 15-2, Ex. H at

1-3). The trial court dismissed both of these motions without addressing their merits. (*See* Doc.15-2, Exs. D, H at 4-5, H at 6-7). Petitioner appealed the amended order dismissing his motion to the First DCA (Doc. 15-2, Ex. H at 8-9). However, his appeal was dismissed as discussed *supra*.

Respondent argues that Petitioner's habeas petition must be dismissed with prejudice because Petitioner did not raise any federal claims in his state court motions, nor did he obtain a ruling on the merits of his claims from the First DCA, thus he has failed to exhaust his state court remedies and is now procedurally barred from doing so (Doc. 14 at 5-6). Furthermore, Respondent argues that because Petitioner's claims were dismissed on procedural rather than substantive grounds, his claims are procedurally barred, and he has failed to allege any cause for his failure to comply with state procedural rules nor has he demonstrated any prejudice (Doc. 14 at 6-9). Thus, his claims are not subject to review by this court.

III.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed.2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed.2d 1 (1999); Picard, 404 U.S. at 277-78.

---

[4]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
   (A)  the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i)  there is an absence of available State corrective process; or
      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In <u>Picard v. Connor</u>, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In <u>Anderson v. Harless</u>, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7 (citing <u>Sandstrom v. Montana</u>, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed.2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." <u>Anderson</u>, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in <u>Duncan v. Henry</u>, 513 U.S. 364. The <u>Duncan</u> Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order

to obtain federal review of the issue.[5] The Supreme Court explained,"[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365-66.  Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id.  With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" (Cite omitted).[6]

---

[5] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

[6] In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  Id.

Page 10 of 14

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. O'Sullivan, 526 U.S. at 839-40, 848. This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424-25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at

327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

IV.   DISCUSSION

In the instant case, a review of the state court record shows that in only two petitions did Petitioner make a reference to federal law. In his July 25, 2003, pro se petition for a writ of habeas corpus (Doc. 40-2, Ex. A) which he filed with the Florida Supreme Court, Petitioner stated that his arrest was in violation of the Fourth Amendment to the United States Constitution. He made no other mention of the United States Constitution, nor did he cite any federal cases in this petition. Petitioner also made the same reference to the Fourth Amendment of the United States Constitution in the September 29, 2003, pro se petition for a writ of habeas corpus (Doc. 40-2, Ex. B) filed with the Florida Supreme Court. Again, no other reference to the United States Constitution was made, nor were any federal cases cited in this petition. These petitions were transferred to the trial court and dismissed (*see* Doc. 15-2, Exs. F, G). Petitioner failed to appeal the court's orders dismissing these petitions.

It appears, based on the authority of Baldwin and McNair, that these two references to the United States Constitution are insufficient to "fairly present" the nature of Petitioner's federal claims to the state court. The fundamental purpose of the exhaustion requirement is to give the state the first opportunity to consider those federal constitutional issues that may arise from its criminal trials. Picard, 404 U.S. at 275-78, 92 S. Ct. at 512-133. To exhaust his claims and gain federal habeas review, the petitioner must specifically raise the claims as *federal constitutional issues* in state court. Duncan, 513 U.S. at 365, 115 S. Ct. at 888. "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Anderson, 459 U.S. 4, 5-6, 103 S. Ct. 276, 277, 74 L. Ed.2d 3 (1982); *see also* Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir.), *cert. denied*, 525 U.S. 963, 119 S. Ct. 405, 142 L. Ed.2d 329 (1998). Although the petitioner need not "cite book and verse on the federal constitution,"

Picard, 404 U.S. at 278, 92 S. Ct. 509 (quotation omitted), he must directly refer to federal law, to the decisions of federal courts, or at a minimum, to the decisions of state courts that address the federal issue at hand.  *See* Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (2001); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1194 (2001); McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir.), *cert. denied*, 528 U.S. 846, 120 S. Ct. 120, 145 L. Ed. 2d 102 (1999); Snowden, 135 F.3d at 736 n. 2.

Because Petitioner failed to fairly present his federal claims in state court, he has not properly exhausted his federal claims in the state courts.  Moreover, Petitioner has failed to demonstrate cause for his failure to exhaust his claims in state court nor has he alleged prejudice or any fundamental miscarriage of justice which would result from dismissal of these claims.  Furthermore, Petitioner is now precluded under state law from re-arguing the issue on appeal.  As discussed *supra*, an issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review.  *See* O'Sullivan, 526 U.S. at 839-40, 848.  Thus, Petitioner's claims should be dismissed with prejudice as they are barred from review in this court.

Even if Petitioner had fairly presented his federal claims in state court, it is clear that Petitioner's claims are nevertheless barred from federal review because Petitioner's one appeal was procedurally dismissed when he failed to comply with an independent and adequate state procedural rule.  The rule regarding procedural default is set out in Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565:

> We now make it explicit:  In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

In order for a state procedural bar to foreclose a federal court from reviewing a federal claim in a § 2254 proceeding, the procedural bar must be firmly established and a regularly followed state practice in cases such as the petitioner's.  Cochran v. Herring, 43 F.3d 1404, 1408 (11th Cir.),

*modified on reh'g.*, 61 F.3d 20 (1995), *cert. denied*, 516 U.S. 1073, 116 S.Ct. 776, 133 L.Ed.2d 728 (1996) (citing Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857, 112 L.Ed.2d 935 (1991)). After giving Petitioner an opportunity to comply with Florida Rule of Appellate Procedure 9.420, the First DCA dismissed Petitioner's appeal pursuant to Rule 9.410 which authorizes sanctions for failure to comply with its appellate rules (Doc. 15-2, Exs. I, J). Specifically, the appeal was dismissed for failure to properly serve the Florida Attorney General (*id.*). Respondent states, and Petitioner does not dispute, that both Rule 9.420 and Rule 9.410 predate 1977 and are firmly established rules of procedure and are integral parts of appellate practice in Florida. (*See* Doc. 14 at 8-9).

Because Petitioner is barred by state procedural rules from exhausting the substance of his claims, procedural default exists for purposes of federal habeas review. *See* Coleman v. Thompson, *supra*. Additionally, Petitioner has made none of the requisite showings to excuse his default. Furthermore, Petitioner is now precluded under state law from re-arguing the issue on appeal. As discussed *supra*, an issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839-40, 848.

Therefore, Petitioner is not entitled to federal habeas relief on these claims.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James V. Crosby, Jr. as Respondent.

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 14) be **GRANTED**.
2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED**.

At Pensacola this 4th day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**